IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

**LEO JOHN HOLSTINE**                                                 **PLAINTIFF**

**VS.**                  COPY             **Cause No. 2013-CI42**

**YAZOO COUNTY, MISSISSIPPI;**
**NATIONAL RAILROAD PASSENGER CORPORATION,**
**d/b/a AMTRAK, CANADIAN NATIONAL RAILWAY**
**COMPANY, d/b/a CANADIAN NATIONAL ILLINOIS**
**CENTRAL, ILLINOIS CENTRAL RAILROAD COMPANY**         **DEFENDANTS**

---

## FIRST AMENDED COMPLAINT
### *Jury Trial Demanded*

---

COMES NOW, Plaintiff, LEO JOHN HOLSTINE, by and through his undersigned

counsel of record, and files this Complaint against the Defendants, NATIONAL RAILROAD

PASSENGER CORPORATION, d/b/a AMTRAK, CANADIAN NATIONAL RAILWAY

COMPANY d/b/a CANADIAN NATIONAL ILLINOIS CENTRAL, and ILLINOIS CENTRAL

RAILROAD COMPANY, and as grounds for such would respectfully state and show unto this

Honorable Court as follows, to-wit:

### PARTIES

1.     Plaintiff, LEO JOHN HOLSTINE (hereinafter "Holstine"), is an adult resident citizen of

      Macomb County, Michigan, whose address is 58755 Stevens Street, New Haven,

      Michigan 48048.

2.     Defendant, YAZOO COUNTY, MISSISSIPPI (hereinafter "County Defendant"), is a

      political subdivision of the State of Mississippi.  It may be served process by service

      upon its Chancery Clerk, Quint Carver, at 211 East Broadway Street, Yazoo City,

      Mississippi 39194.

FILED
ROBERT COLEMAN, CIRCUIT CLERK

JAN 1 0 2014

BY _____ C.

3. Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "Amtrak" or collectively as "Railroad Defendants"), is a corporate interstate railroad carrier chartered by the United States doing business in Mississippi.  Pursuant to 49 U.S.C.A. § 24301 service of process shall be by certified mail addressed to the secretary of Amtrak at the principal office and place of business, 60 Massachusetts Avenue, NE, Washington, D.C. 20002.

4. Defendant, CANADIAN NATIONAL RAILWAY COMPANY d/b/a CANADIAN NATIONAL ILLINOIS CENTRAL, ILLINOIS CENTRAL RAILROAD COMPANY (hereinafter "CNIC/ICRR" or collectively as "Railroad Defendants"), is an Illinois corporation with its principal offices located in Canada, which does business and operates a railroad in Yazoo County, Mississippi.  CNIC may be served with process through its agent for service of process, C.T. Corporation System, 645 Lakeland Drive East Suite 101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

5. Venue is proper in the Circuit Court of Yazoo County pursuant to Miss. Code Ann. §11-11-3, as this Honorable Court has subject matter jurisdiction and, as alleged herein, a substantial act or omission occurred in Yazoo County, Mississippi which caused Plaintiff's injury.

**FACTS**

6. On January 28, 2012, Holstine was a passenger on a train (Amtrak No. 59) owned and operated by the Railroad Defendants, in transit from Chicago, Illinois to New Orleans, Louisiana.  Amtrak No. 59 was operating with locomotive E/94 and had approximately seven (7) passenger cars.

7.    Around 10am, the passenger train, traveling at approximately eighty miles per hour,

approached a section where the railroad intersects with Clubview Circle/Grand Avenue

(United States Department of Transportation Grade Crossing No. 300822P).

8.    At this intersection, Amtrak No. 59 collided with a 1996 Ford truck which was operated

by Hubert Cole ("Cole").  Cole sustained fatal injuries from this collision.

9.    Upon information and belief, this collision occurred due to the lack of a functioning

electrical or mechanical device or the lowering of a crossgate which would alert drivers

to the presence of an approaching train.

10.    Further, upon information and belief, no horn or whistle was sounded pursuant to

applicable law to signal the train's approach to the subject intersection.

11.    Due to this collision, Holstine sustained severe injuries of which he has been forced to

seek extensive medical treatment.

**NEGLIGENCE/GROSS NEGLIGENCE/NEGLIGENCE PER SE**

12.    Plaintiff incorporates all preceding paragraphs as though set forth herein.

13.    A common carrier, such as the Railroad Defendants, owes all of its passengers a duty of

care.  A common carrier of persons for hire must use the utmost care and diligence for

their safe carriage and must exercise a reasonable degree of skill to provide everything

necessary for that purpose.

14.    The care required of a common carrier is the highest that reasonably can be exercised

consistent with the mode of transportation used and the practical operation of its business

as a carrier.  This requirement must be measured in the light of the best precautions

which, at the time of the accident, were in common practical use in the same business and

had proven to be effective.

Page 3 of 7

15. Railroad Defendants, for many years, has had direct and certain knowledge of the care that should be taken when approaching railroad crossing, specifically in the area of the subject incident.

16. Pursuant to Miss. Code Ann. §77-9-225, Railroad Defendants owed a duty to repeatedly sound its horn in advance of approaching the crossing. Railroad Defendants breached this duty by failing to warn vehicles at the subject railroad crossing of its approach to the intersection.

17. Further, Railroad Defendants owed a duty to passengers to employ individuals to operate the train at a safe speed, specifically through railroad crossings, as provided by the rules and regulations of the United States Department of Transportation, the Federal Railroad Association, and other applicable statutes and rules.

18. Railroad Defendants breach of said duty in exceeding the regulated speed for trains through cities and towns per Miss. Code Ann. § 77-9-237 is negligence per se.

19. Pursuant to applicable law, Defendants owed a duty to properly maintain necessary warning signs and markings at intersections where vehicles would cross a railroad. Defendants breached this duty by failing to maintain the proper warnings to prevent automotive/locomotive collision.

20. Railroad Defendants were negligent given the following acts of omission and commission, any and all of which proximately caused or contributed to the cause of said collision and Holstine's subsequent injuries. Specifically, these acts are:

    a. Failure to maintain a safe speed through the intersection;

    b. Failure to properly sound the locomotive's warning signal as it approached the intersection;

    c.  Failure to stop prior to colliding with Cole's vehicle;

    d.  Failure to exercise reasonable care under the circumstances then existing in operation of the locomotive so as to avoid injuries to passengers aboard the train;

    e.  Operating a locomotive in a reckless manner;

    f.  Failure to properly supervise and train its employees;

    g.  Failure to properly instruct its employees in the operation of a locomotive;

    h.  Negligently entrusting a locomotive to inexperienced, inattentive, and careless operators;

    i.  Failure to provide adequate warnings of approaching locomotives;

    j.  Failure to provide adequate roadway markings/controls to prevent automotive/locomotive collisions;

    k.  Any and all acts of negligence, omissions, and/or legal fault that shall be shown at trial, including but not limited to, violations of federal, state, and municipal regulations, statutes, and ordinances.

21.   County Defendant is negligent given the following acts of omission and commission, any and all of which proximately caused or contributed to the cause of said collision and Holstine's subsequent injuries.  Specifically, these acts are:

    a.  Failure to properly warn motor vehicle traffic at the subject railway crossing;

    b.  Failure to provide adequate signage and/or safety devices at the subject railway crossing;

    c.  Failure to provide adequate warnings of approaching locomotives;

    d.  Failure to provide adequate roadway signage and/or controls to prevent automotive/locomotive collision;

e.  Any and all acts of negligence, omissions, and/or legal fault that shall be shown at trial, including but not limited to, violations of federal, state, and municipal regulations, statutes, and ordinances.

## RESPONDEAT SUPERIOR/NEGLIGENT TRAINING, RETENTION & SUPERVISION

22.  Plaintiff incorporates all preceding paragraphs as though set forth herein.

23.  Employees responsible for the operation of the subject train during all times set forth herein should have been aware of the duties and obligations placed upon the Railroad Defendants in their role as a common carrier.

24.  Said employees were required to monitor and observe conditions present at approaching railroad crossings and to alert those vehicles present at these crossings of the approaching train.

25.  Despite this knowledge, employees acting on behalf of and employed by Railroad Defendants recklessly failed to protect Holstine, as a passenger, from injury.

## PRAYER FOR RELIEF

26.  As a direct and proximate result of the above described act of negligence of Defendants, Holstine prays for the following relief:

a.  Actual and compensatory damages;

b.  Past, present, and future medical expenses;

c.  Past, present, and future loss of enjoyment of life;

d.  Past, present, and future mental and emotional pain and suffering;

e.  Loss of wages;

f.  Punitive damages in an amount to be proven at trial;

g.  Pre- and post-judgment interest, attorney's fees, and other associated court costs;

h.  Any and all other damages to be proven at trial

27.

FOR THESE REASONS, the Plaintiff, LEO JOHN HOLSTINE, prays for relief from

this Honorable Court against the Defendants for compensatory damages and other relief sought

as set forth herein.

THIS the 10th day of January, 2014.

Respectfully submitted,
LEO JOHN HOLSTINE, Plaintiff

By: _____
GRETA L. KEMP, MSB #103672

CHUCK MCRAE, MSB #2804
GRETA L. KEMP, MSB #103672
MCRAE LAW FIRM, PLLC
416 EAST AMITE STREET
JACKSON, MS  39201
Office: 601.944.1008
Fax: 866.236.7731
Email: chuck@mcraelaw.net
       greta@mcraelaw.net

IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

LEO JOHN HOLSTINE  **PLAINTIFF**

VS. CAUSE NO. 2013-CI42

YAZOO COUNTY, MISSISSIPPI;                                    **DEFENDANTS**
NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a
AMTRAK, CANADIAN NATIONAL RAILWAY COMPANY, d/b/a
CANADIAN NATIONAL ILLINOIS CENTRAL, ILLINOIS
CENTRAL RAILROAD COMPANY

## NOTICE OF SERVICE OF DISCOVERY REQUESTS

NOTICE IS HEREBY GIVEN that the attorneys for the Plaintiff, LEO JOHN HOLSTINE, have

served the following discovery requests upon the Defendants, Yazoo County, Mississippi, National

Railroad Passenger Corporation, d/b/a Amtrak, Canadian National Railway Company, d/b/a Canadian

National Illinois Central, Illinois Central Railroad Company, simultaneously with the Summons and

Complaint the following:

(1) Plaintiff's First Set of Combined Discovery to Defendants National Railroad Passenger

Corporation d/b/a Amtrak, Canadian National Railway Company, d/b/a Canadian National

Illinois Central, Illinois Central Railroad Company

(2) Plaintiff's First Set of Combined Discovery to Defendant Yazoo County, Mississippi

The undersigned has retained the originals.

THIS the 10th day of January, 2014.

Respectfully submitted,
Leo John Holstine, Plaintiff
BY: _____
GRETA L. KEMP, MSB #103672

CHUCK McRAE, MSB #2804
GRETA L. KEMP, MSB #103672
McRAE LAW FIRM, PLLC
416 EAST AMITE STREET
JACKSON, MS  39201
Office: 601.944.1008
Fax: 866.236.7731

**F I L E D**
ROBERT COLEMAN, CIRCUIT CLERK

JAN 1 0 2014

BY _____ D.C.

Email: chuck@mcraelaw.net
      greta@mcraelaw.net

## CERTIFICATE OF SERVICE

I, Greta L. Kemp, do hereby certify that I have served a true and correct copy of the above and foregoing to the Defendants in addition to the Summons and Complaint pursuant to M.R.C.P 4.

THIS the 10th day of January, 2014.

GRETA L. KEMP, MSB #103672

CHUCK McRAE, MSB #2804
GRETA L. KEMP, MSB #103672
McRAE LAW FIRM
416 EAST AMITE STREET
JACKSON, MS  39201
Office: 601.944.1008
Facsimile: 866.236.7731
Email: chuck@mcraelaw.net
      greta@mcraelaw.net

2

**IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI**



**LEO JOHN HOLSTINE**                                                         **PLAINTIFF**

**VS.**                                                            **CAUSE NO. 2013-CI42**

**YAZOO COUNTY, MISSISSIPPI;**
**NATIONAL RAILROAD PASSENGER CORPORATION,**
**d/b/a AMTRAK, CANADIAN NATIONAL RAILWAY**
**COMPANY, d/b/a CANADIAN NATIONAL ILLINOIS**
**CENTRAL, ILLINOIS CENTRAL RAILROAD COMPANY**            **DEFENDANTS**

---

### PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY TO DEFENDANT YAZOO COUNTY, MISSISSIPPI

---

The Plaintiff in the above-styled and numbered cause, by and through his attorney of record herein, and submits their first set of Interrogatories and Requests for Production of Documents to Defendant YAZOO COUNTY, MISSISSIPPI (herein referred to as County Defendant), in this cause pursuant to the Mississippi Rules of Civil Procedure.

These discovery requests contain the following sections: (1) Instructions, (2) Definitions (General, Specific, and Electronic), (3) Interrogatories, and (4) Requests for Production of Documents.

### I.   INSTRUCTIONS

1) In answering this discovery, you are required to furnish all information that is available to you, your agents, or employees, including attorneys and investigators, or that is contained in records or documents in your or their possession, custody, or control.

2) If you cannot answer any discovery request in full after making reasonable efforts to secure the required information, answer to the extent possible, and set forth the reasons that you are unable to answer the remainder and the efforts you have made to secure the required information.

3) If you assert any objection to any discovery request, you are required to state the grounds for the objection with specificity.

4) With respect to every discovery request which you fail to answer in whole or part because it involves a document or communication which you contend to be privileged or protected from disclosure, state: The date that the document was prepared or executed, or the date the communication was made; The names of the drafters or authors of the document, or the parties to the communication; The names of each and every person who received the document or heard the communication; The present location and custodian of the document; Explain the circumstances upon which you base your claim of privilege.

5) These discovery requests are continuing pursuant to Rule 26(e), MISS. R. CIV. P. If you acquire additional information pertaining to these interrogatories at any time before trial, which Rule 26(e) requires you to disclose, you must serve supplemental answers on Plaintiff's counsel promptly.

## II.   DEFINITIONS

### a.   General Definitions

1) "You" or "your" refers to the named Defendant and any of its agents, employees, or representatives.

2) "Person" or "individual" refers to any entity, including but not limited to any natural person, partnership, corporation, company, trust, estate, joint venture, or association of persons. "Writing" or "document" refers to any form of data compilation whether produced, reproduced, or stored on paper, cards, tapes, disks, hard drives, belts, charts, films, computer storage devices, or any other medium and shall include but not be limited to any letter, note, memorandum, article, book, published material, computer file, report, study, statement, speech, notebook, application, calendar, working paper, manual, brochure, analysis, telegram, transcript, summary, diary, agreement, contract, diary, log, appointment book, graph, spreadsheet, drawing, chart, financial statement, bank statement, bank check, deposit slip, receipt, invoice, bookkeeping entry, photograph, photostat, microfilm, x-ray film, sound recording, motion picture, video tape, e-mail or any other type of mechanical, electronic, or magnetic impulse recording, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a writing or document.

3) "Communication" refers to any telephone conversation, any oral conversation other than a telephone conversation or any writing.

4) "Identify" or "identification," when used with reference to a writing, requires a statement of: Its nature (e.g., letter, memorandum, etc.); The date it was sent; The date it was received;

The name of the person or persons who prepared it; The name of the person or persons who received it; Its subject matter; and The name and business and residential address and telephone number of each person who has possession, custody or control of the writing. In lieu of identifying any writing, you may attach a copy of it to your answers to these Interrogatories and offer to make the original of the writing available for inspection. "Identify" or "identification," when used with respect to a natural person, requires stating his full name, present or last known residence address and telephone number, and his present or last known employer, business address, and telephone number.

5)    "Identify" or "identification," when used with respect to a corporation or other entity besides a natural person, requires stating its full name, form of organization, and present or last known address and telephone number.

6)    "Identify" or "identification," when used with respect to a telephone conversation, requires stating when the telephone conversation took place, identifying each party to the telephone conversation, stating the location of each party to the telephone conversation at the time of the conversation, and stating which party initiated the telephone conversation.

7)    "Identify" or "identification," when used with respect to an oral conversation other than a telephone conversation, requires stating when and where the conversation took place and identifying each party to the conversation.

8)    "Identify" or "identification," when used with respect to a lawsuit, litigation, administrative proceedings, or any other kind of disciplinary proceeding, requires stating the name, address and telephone number of the complainant; the nature of the complaint; the disposition of the complaint; any punishment or discipline you received; whether or not the disciplinary action has been appealed or any matters concerning the disciplinary action are still pending; and if convicted of a crime, whether your records were expunged.

b.    **Specific Definitions**

1)    "Statement" means an oral or written communication by an individual which conveys the individual's memories, perceptions, thoughts, insights and/or feelings regarding the subject matter of this litigation, and which address in whole or in part facts of this occurrence or the nature and extent of damages.

2)    "Subject matter of this litigation" or "incident" or "occurrence" refers to the events as set forth in the Complaint.

3) Unless otherwise instructed, all discovery requests are directed to address the time frame of the events set forth in the Complaint.

c. **Electronic Definitions**

1) **Active File:** When used in this request, the term "active file" means any electronic data that can be used by an electronic data processing system in any manner without modification and/or re-construction. An active file is an electronic data file that has not been deleted or otherwise destroyed and/or damaged and which is readily visible to the operating system and/or the software with which it was created.

2) **Computer:** When used in this request, the term "computer" shall include, but is not limited to microchips, microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDAs), minicomputers and mainframe computers.

3) **Computer system:** When used in this request, the term "computer system," when used in reference to any computer, includes, but is not limited to, the following information: Computer type, brand and model; Brand and version of all software, including operating system, private-and custom-developed applications, commercial applications, and/or shareware; Communications capability, including asynchronous and/or synchronous, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection.

4) **Data:** When used in this request, the term "data" is equivalent to the term "electronic data" as defined herein.

5) **Deleted File:** When used in this request, the term "deleted file" means any electronic data file that has been deleted or deleted from the electronic media on which it resided.

6) **Document:** When used in this request, the term "document" means the original (or an identical duplicate if the original is not available)l, and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any form of physical media. Physical media include, but are not limited to, paper media, phonographic media, photographic film media (including pictures, films slides and microfilm), magnetic media (including but not limited to hard disks, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-

Page 4 of 10

optical media, and other physical media on which notations or marking of any kind can be affixed.

    a.   Documents include, by way of example only, any memorandum, request envelope, correspondence, electronic mail, report, note, Post-it, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission, report contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, computer disk, computer tape, or any other written, printed, typed punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

7)   **Electronic Data:** When used in this request, the term "electronic data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment.

    a.   Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

8)   **Electronic Media:** When used in this request, the term "electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media

devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

9) **File Fragment:** When used in this request, the term "file fragment" refers to any electronic data file that exists as a subset of an original active file. A file fragment may be active or deleted. The cause of fragmentation can include, but is not limited to the execution of ordinary file management routines such as the creation of new files over parts of previously deleted files, the creation of files on disks which do not have enough contiguous blocks to write the file from beginning to end, where the file has been split up between several sections of the disk (each piece a fragment). Other causes include manual intervention, electronic surges, and/or physical defects on electronic media.

10) **Identify:** "Identify," when used in reference to any electronic data, means to state the software and/or operating system under which the data was created, title and author, the type of data (example: word processing document, spreadsheet, database, application program, etc.), and all other means of identifying it with sufficient particularity to meet the requirements for its inclusion in a Request for Production pursuant to the Rules of Civil Procedure, and its present or last known location or custodian. If any such electronic data was, or no longer is, in the possession or subject to your control, state what disposition was made of it and the reason for such disposition.

11) **Network:** When used in this request, the term "network" means any hardware and/or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For the purposes of this definition, the connection between or among the microcomputers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

12) **Rotation:** When used in this request, the term "rotation" means any plan, policy or scheme that involves the re-use of an electronic media device after it has been used for backup,

archival or other electronic data storage purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to its re-use.

13)  **Support:** When used in this request, the term "support" means any help or assistance provided to a user of a computer by another individual, either in an official job capacity or not. Such help or assistance may take the form of, but is not limited to, answering questions, in person or via mechanical means, direct intervention, training software troubleshooting, hardware troubleshooting, programming, systems consulting, maintenance, repair and/or user forums. Providers of support may be employees, contractors and/or other third-party providers.

## INTERROGATORIES

INTERROGATORY NO. 1:  Please state the names(s) and employment status(es) of the person(s) answering these discovery materials

INTERROGATORY NO. 2:  Please state the name, address, and telephone number of each and every person known to you, your attorneys, or anyone acting on your behalf, who may call as a witness at the trial of this cause and provide a brief summary of the facts upon which each such witness is expected to testify.

INTERROGATORY NO. 3:  Please identify (by name, occupation and address) each person whom you expect to call as an expert witness for the trial, and for each state the following:

    a)  The subject matter upon which the expert witness is expected to testify;

    b)  The substance of the facts and opinions to which the expert witness is expect to testify;

    c)  A summary of the grounds for each opinion;

    d)  Please attach a curriculum vitae for each expert witness you intend to call at the trial of this cause.

INTERROGATORY NO. 4:  Please state the names, addresses and telephone numbers of every person known to you, your attorney, or anyone acting on your behalf who has knowledge of any facts relevant to this action, including but not limited to, any person that may have been within sight or

hearing of the incident, any person having knowledge of the circumstances or facts of the events leading up to the incident, any persons with knowledge of the scene of the incident, and any other persons with knowledge of facts of this incident.

INTERROGATORY NO. 5:  Please provide in detail the legal and factual basis for any denial you asserted to any of the allegations contained in the Plaintiffs' Complaint, as well as any defenses raised by your answer and affirmative defenses.

INTERROGATORY NO. 6:  List and describe any documentary evidence, learned treatises (with page references), tangible evidence, photographs, videotape or other items whatsoever which you will or may offer as evidence at the trial of this case.

INTERROGATORY NO. 8:  Have you or any agent, employee, contractor, investigatory or individual acting on behalf of the Defendants or known of by the Defendants taken or made any photographs, drawings, diagrams, surveys, movies or video tapes, or any other such document depicting any person, including the Plaintiffs', or any object or place which in any way relate to this incident or the damages and injuries alleged by you, or do you or any person acting on your behalf have in your possession, or know of the existence of any such item?

INTERROGATORY NO. 9: Please identify the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment that may be entered in this civil action, or to indemnify or reimburse you for payments made to satisfy the judgment including any umbrella coverage.  Your response should indicate the name of the insurance company or carrier, the policy or binder number of the insurance policy, and identify the amount of primary and excess coverage available to pay any such judgment or the terms and conditions of any such judgment.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:  Please produce any and all documents listed, identified, utilized, and/or described in Plaintiffs' First Set of Interrogatories or referenced in your response to Plaintiffs' First Set of Interrogatories.

REQUEST NO. 2:  Please produce a resume or curriculum vitae for each and every expert witness you expect to call at the trial for this matter, including but not limited to identify any lawsuit the expert has given deposition or trial testimony in the period from January 1, 2009 to the present.

REQUEST NO. 3:  Please produce any pictures, photographs, or moving pictures of the scene of the accident, or any other thing or object involved in this incident.

REQUEST NO. 4:  Please produce any written or recorded statement by or for either party, witnesses or other persons concerning the facts or allegations in this case.

REQUEST NO. 5:  Please produce any documents or materials relied upon in your response to the Plaintiffs' Amended Complaint.

REQUEST NO. 6:  Please produce any documents and claims forms filed with any person firm, corporation or insurance company arising out of this incident.

REQUEST NO. 7:  Please produce any and all records, documents, exhibits, or tangible evidence that will be used at the trial of this matter.

REQUEST NO. 8:  Please produce any records, documents, incident reports, opinions or any other matter relating to the facts of this incident, not prepared by your attorney.

REQUEST NO. 9:  Please produce a certified copy of any liability insurance both primary and excess which was in full force and effect at the time of the incident.

REQUEST NO. 10:  Produce a privilege log identifying all documents withheld from production based upon your claim of medical privilege, attorney client privilege, or relevance.  The log should describe the withheld documents or other information specifically so that the Plaintiff can make an

intelligent decision as to whether or not said document should be pursued or an in-camera inspection had by the Court. The date of service and the medical provider should also be listed.

REQUEST NO. 11: Please produce copies of documents describing, referencing, or regarding the system or routine of maintenance and/or inspection of the area where this incident occurred as well as any repairs and/or replacements.

THIS the 10th day of January, 2014.

BY: _____
GRETA L. KEMP, MSB #103672

CHUCK MCRAE, MSB #2804
GRETA KEMP MSB #103672
MCRAE LAW FIRM, PLLC
416 EAST AMITE STREET
JACKSON, MISSISSIPPI 39201
Tel.: 601.944.1008
Facsimile: 866.236.7731
Email: chuck@mcraelaw.net
        greta@mcraelaw.net