UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEO JOHN HOLSTINE                                                                                       PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:14cv58-DPJ-FKB

NATIONAL RAILROAD PASSENGER                                                                DEFENDANT
CORPORATION d/b/a AMTRAK

ORDER

This railroad-crossing case is before the Court on the Motion in Limine [125][1] filed by Defendant National Railroad Passenger Corporation ("Amtrak") as well as Plaintiff Leo John Holstine's Motion in Limine [127]. Holstine was a passenger on an Amtrak train that collided with a pickup truck that stopped in the middle of a crossing. Holstine claims that the collision caused him to fall and sustain injuries. Having fulling considered the premises, and having discussed the motions with the parties during the pretrial conference ("PTC"), the Court finds as follows:

I.    Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (internal quotation marks omitted).

---

[1]This motion was jointly filed by Amtrak and Illinois Central Railroad Company. All claims against Illinois Central were previously dismissed by the Court's Order [130] granting in part Defendants' motion for summary judgment.

II.     Analysis

    A.     Defendant's Motion in Limine

        1.     Additional Crossing Warnings

The Court's June 16, 2015 Order [130] granting partial summary judgment ("MSJ Order") removed this issue from the case. The motion is therefore granted.

        2.     Excessive Train Speed

Amtrak moves to exclude any reference that the train was traveling at an excessive speed before the accident. Holstine agrees that the MSJ Order removes his excessive-speed claim. But he argues that the train's speed remains a relevant factor in determining whether the engineer applied the brakes fast enough. The Court agrees. While argument and evidence suggesting that the speed was excessive will be excluded, the speed of the train is relevant to other liability theories and will be permitted.

        3.     Manipulation, Defectiveness, and/or Alteration of Locomotive Event Recorder, Locomotive Video, and Signal Recorder

Amtrak seeks to exclude any argument or evidence suggesting that various recordings of the accident lack credibility due to manipulation, defectiveness, or alteration. The motion is too broad to be granted in limine. While Holstine agreed during the PTC that his counsel would not argue or suggest to the jury that an alteration occurred absent supporting proof, he is not precluded from cross-examining the sponsoring witnesses on the authenticity of these items. The motion is therefore denied.

        4.     Amtrak's Net Worth

Holstine agrees that Amtrak's net worth is no longer an issue now that the punitive-damages claim has been dismissed. But he convincingly argues that he should be allowed to

question Amtrak witnesses about their net worth if they contend that their actions were based on cost considerations. The Court agrees, and the evidence will be allowed if the door is opened in this way.

      5.      Holstine's Lost Wages

This portion of the motion is denied for the reasons stated in the MSJ Order.

      6.      Reference to Illinois Central as Canadian National Railway

The parties agreed during the PTC that Illinois Central will not be referred to as the Canadian National Railway. There may, however, be need to explain that Illinois Central operates under the name "CN."

      7.      Conceded Portions of the Motion

Either in his response to Amtrak's motion or during the PTC, Plaintiff conceded Amtrak's motion as to the following items: (1) prior accidents at this crossing; (2) prior accidents in other locations; (3) news videos from local television stations WAPT and/or WLBT; (4) any argument that jurors are "safety advocates"; (5) the size of the law firm representing Amtrak; (6) violation of the "golden rule"; and (7) arguments that Amtrak placed profits over people.

B.    Holstine's Motion in Limine

      1.      Locomotive Video

Holstine seeks to exclude a video that was taken from a camera mounted on the front of the locomotive. The video purports to show the subject incident. Holstine contends that the video should be excluded under Rule 403 of the Federal Rules of Evidence because it could be

subject to manipulation.  He bases this argument on Amtrak's previous request for certain protections to prevent manipulation after the video left Amtrak's hands.

Whether evidence has been altered is certainly relevant.  But simply saying evidence could be altered is not the same as showing that it has been.  To date, Holstine has produced no evidence indicating that the video is anything other than authentic, and the probative value of a video showing the subject accident is obviously high.  The motion is denied.

### 2. Holstine's Bankruptcy Testimony

Holstine is on Social Security disability and received a worker's compensation settlement.  These benefits flowed from a work-place accident that occurred in 2005.  In 2011, just five months before the subject accident, Holstine testified under oath in a bankruptcy hearing that he is permanently and totally disabled and unable to find employment anywhere in the United States.  He now brings a claim for lost wages against Amtrak.

Holstine argues that his bankruptcy testimony should be excluded under Rule 403 as unduly confusing and prejudicial.  More specifically, he contends that the standards for disability differ; that he is now seeking compensation for non-physical labor whereas his prior testimony related to labor-intensive positions; and, finally, that circumstances may have changed between his testimony and the subject accident.

The Court would agree that evidence regarding the bankruptcy court's holding might be confusing and prejudicial.  But during the PTC, Amtrak stated that it would not offer such evidence.  Instead, Amtrak wishes to use Holstine's prior sworn testimony that he is disabled and unemployable to impeach his current demand for lost wages.  Whether this accident caused Holstine's alleged lost wages is a non-collateral issue that Amtrak is entitled to pursue with

Holstine's prior testimony.  *See* Fed. R. Evid. 613; *see also* Fed. R. Evid. 801(d)(1).  The prior testimony likewise speaks to his credibility, which is always a relevant issue.  Finally, the probative value of his prior statements is not substantially outweighed by the other Rule 403 factors.  Perhaps the circumstances changed or Holstine has other ways to reconcile his statements, but those issues go to weight.  The motion is denied.

        3.      Evidence Regarding Holstine's Vacation

When the accident occurred, Holstine was on his way to New Orleans to take a cruise with his wife.  After the accident, he continued with his vacation.  Holstine now contends that evidence regarding the vacation cruise should be excluded because he had already paid for the vacation and merely continued as planned.  But these arguments go to the weight of the evidence, not its admissibility.  In particular, the parties hotly dispute whether Holstine was injured at all during the accident, and his actions immediately after the accident are clearly probative of that issue.  The motion is therefore denied.

        4.      Reference to the Operation of the Crossing Equipment

This issue is now moot.

III.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Amtrak's Motion in Limine [125] is granted in part and denied in part, and Holstine's Motion in Limine [127] is denied, as set forth herein.

**SO ORDERED AND ADJUDGED** this the 23th day of June, 2015.

                      s/ *Daniel P. Jordan III*
                      UNITED STATES DISTRICT JUDGE